```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/10/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- X
                                                               :
ALEXA BATES, et al.,                        :
                             Plaintiffs,       :
              -against-                        :           1:20-cv-9056-GHW
                                                          :
DEVA CONCEPTS LLC,             :
                                                          :
                                                          :                    <u>ORDER</u>
                                     Defendant        :
                                                          :
-------------------------------------------------------------------------X

GREGORY H. WOODS, District Judge:

        Defendant's June 9, 2022 motion for reconsideration of its decision to grant Plaintiffs leave to file a sur-reply, Dkt. No. 65, is denied. "Motions for reconsideration are . . . committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigration and Customs Enforcement*, No. 14-cv-6117 (JPO), 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citing cases). "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)).

        The Court will not exercise its discretion to alter its decision to grant Plaintiffs leave to file a sur-reply. Motions for leave to file a sur-reply "are subject to the sound discretion of the court." *Barbour v. Colvin*, 993 F. Supp. 2d 284, 288 (E.D.N.Y. 2014) (citation omitted). "Courts grant leave to file sur-replies when they address arguments raised for the first time in a reply brief." *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20 CIV. 10832 (AT), 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022). Here, in its reply, Defendant argued for the first time that, because Plaintiffs agreed to the terms and conditions of Defendant's website, the Plaintiffs' claims are subject to arbitration.

That argument was not raised in Defendant's opening brief. Moreover, that argument was particularly novel given that, in an August 21, 2022 letter to the Court, Defendant expressly stated that it "no longer plan[ned] to move to compel arbitration." Dkt. No. 33.

Defendant argues that Plaintiffs opened the door to that argument in their opposition, but that argument is without merit. Plaintiffs raised the terms and conditions in connections with their argument regarding choice of law; nowhere do Plaintiffs make any arguments related to arbitration. Indeed, it is reasonable to believe that Plaintiffs relied on Defendant's prior representation that it would not seek to compel arbitration in crafting their arguments.

Accordingly, Defendant's motion for reconsideration is denied. The Clerk of Court is directed to terminate the motion at Dkt. No. 65.

SO ORDERED.

Dated: June 10, 2022  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge