Exhibit "A"

**ALASKA**

| Statute | Alaska Unfair Trade Practices Act, A.S. § 45.50.471 |
|---|---|
| Elements | As a general matter, a prima facie case of unfair or deceptive acts or practices under the UTPA requires proof of two elements: "(1) that the defendant is engaged in trade or commerce; and (2) that in the conduct of trade or commerce, an unfair act or practice has occurred." *Kenai Chrysler Ctr., Inc. v. Denison,* 167 P.3d 1240, 1255 (Alaska 2007). Unlawful acts and practices include :[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce." A.S. § 45.50.471. "Unfair or deceptive acts or practices" include, but are not limited to, the following acts: (4) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have; (6) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; (11) engaging in any other conduct creating a likelihood of confusion or of misunderstanding and that misleads, deceives, or damages a buyer or a competitor in connection with the sale or advertisement of goods or services; or (12) using or employing deception, fraud, false pretense, false promise, misrepresentation, or knowingly concealing, suppressing, or omitting a material fact with intent that others rely upon the concealment, suppression, or omission in connection with the sale or advertisement of goods or services whether or not a person has in fact been misled, deceived, |

| | or damaged. *Id.* |
| | A prevailing plaintiff is entitled to three times actual damages or $500, whichever is greater, and a mandatory award of reasonable attorneys' fees and costs. A.S. § 45.50.531 and 537. |

**ARIZONA**

| Statute | Arizona Consumer Fraud Act, A.R.S. § 44-1521, *et seq.* |
|---|---|
| Elements | The Arizona Court of Appeals has held that "[t]he elements of a private cause of action under the act [ACFA] are a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and the hearer's consequent and proximate injury." *Dunlap v. Jimmy GMC of Tucson, Inc.,* 136 Ariz. 338, 666 P.2d 83, 87 (Ariz. Ct. App.1983). Unlawful practices are defined as "[t]he act use or employment by any person of any deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely on such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby." A.R.S. § 44-1522.<br><br>A prevailing party is entitled to actual and consequential damages and punitive damages "where the conduct of the wrongdoer is wanton, reckless or shows spite or ill-will" or "where there is a reckless indifference to the interests of others." *Sellinger v. Freeway Mobile Home Sales, Inc.,* 110 Ariz. 573, 577, 521 P.2d 1119, 1123 (1974). |

**CALIFORNIA**

| Statute | California False Advertising Law ("CFAL"), Bus. & Prof. Code § 17500 *et seq.*; California Unfair Competition Law ("CUCL")), Cal. Bus. & Prof. Code § 17200 *et seq.* |
|---|---|
| Elements | A plaintiff alleging consumer fraud by misrepresentation under the UCL must allege that she was exposed to the particular representation claimed to be deceptive. *See, e.g., Baltazar v. Apple, Inc.*, No. CV-10-3231-JF, 2011 U.S. Dist. LEXIS 13187 (N.D. Cal. Feb. 10, 2011). "The [CFAL] prohibits any "unfair, deceptive, untrue, or misleading advertising." Cal. Bus. and Prof. Code § 17500. "'[A]ny violation of [CFAL] ... necessarily violates' the CUCL." *Kasky v. Nike, Inc.* 27 Cal. 4th 939, 950, 119 Cal.Rptr.2d 296, 45 P.3d 243 (2002) (quoting *Comm. on Children's Television, Inc. v. General Foods Corp.,* 35 Cal.3d 197, 210, 197 Cal. Rptr. 783, 673 P.2d 660 (1983)).<br><br>Where there is a violation of CUCL, a court may make "such orders ... as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person ... any money or property, real or personal, which may have been acquired by means of such unfair competition." Cal. Bus. & Prof. Code § 17203. For violations of CFAL, the court may make such orders or judgments . . . as may be necessary to prevent the use or employment by any person [or] corporation . . . of any practices which violate this chapter, or which may be necessary to restore to any person in interest any money or |

property, real or personal, which may have been acquired by means of any practice in this chapter declared to be unlawful." Bus. & Prof. Code § 17535. Restitution is designed "to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." *Ewert v. eBay, Inc.*, 602 F. App'x 357, 359 (9th Cir. 2015).

## CONNECTICUT

| Statute | Connecticut Uniform Trade Practices Act, Conn. Gen. Stat. Ann.§ 42-1l0b(a) (West) |
|---|---|
| Elements | Under the CUTPA, " [n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. Conn. Gen. Stat. Ann.§ 42-110b(a). A plaintiff must show (1) a representation, omission, or other practice likely to mislead consumers; (2) reasonably interpreted by plaintiff under the circumstances; and (3) "the misleading representation, omission, or practice must be material-that is, likely to affect consumer decisions or conduct." *Einbinder v. Petro, Inc.*, ANCV116005353S, 2012 WL 1139032 (Conn. Super. Ct. Mar. 9, 2012) (*quoting Caldor, Inc. v. Heslin,* 215 Conn. 590, 597, 577 A.2d 1009 (1990)). The CUTPA embraces a broader standard of conduct more flexible than traditional common law claims and does not require proof of intent to deceive, to mislead or to defraud. *Associated Investment Co. Ltd. Partnership v. William Associates IV,* 230 Conn. 148,158,645 A.2d 505 (1994). A plaintiff need "not prove reliance or that the representation became part of the basis of the bargain." *Trimani v. Grand Contractors, LLC,* MMXCV126008427S, 2013 WL 5780784 (Conn. Super. Ct. Oct. 1, 2013) *(quoting Associated Investment Co. Ltd. Partnership v. Williams Associates IV,* 230 Conn. 148, 158 (1994).<br><br>A prevailing party is entitled to actual damages, reasonable attorneys' fees and, upon a showing of a reckless |

| | indifference to the rights of others or an intentional and wanton violation of those rights, punitive or exemplary damages. Conn. Gen. Stat. Ann.§ 42-1l0g(d); *Ulbrich v. Groth,* No. 18815, 2013 WL 5883685 (Conn. Nov. 12, 2013). |
|---|---|

**DELAWARE**

| Statute | Delaware Consumer Fraud Act, Del. Code Ann. tit. 6, § 2511 *et seq.* |
|---|---|
| Elements | The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale, lease or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby, is an unlawful practice. Del. Code Ann. tit. 6, § 2513(a). The Act "makes it easier to establish a claim for consumer fraud than common law fraud" in three ways: (1) a negligent misrepresentation is sufficient to violate the statute; (2) an unlawful practice is committed regardless of actual reliance by the plaintiff; and (3) the Act does not require proof of intent to induce action or inaction by the plaintiff." *Williams v. Progressive Direct Ins. Co.*, No. CV 22-510-MAK, 2022 WL 4482726, at \*4 (D. Del. Sept. 27, 2022).<br><br>IA prevailing party is entitled to actual damages, 6 Del. C. § 2513, and, where it involves breach of trust or confidence, punitive or exemplary damages. *Smith v. Peninsula Adjusting Co., Inca*, CIV.A.09C-03-024 RBY, 2011 WL 2791252 (Del. Super. June 16, 2011). |

**FLORIDA**

| Statute | Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201 *et seq.* |
|---|---|
| Elements | "A consumer claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *City First Mortg. Corp. v. Barton*, 988 So. 2d 82, 86 (Fla. Dist. Ct. App. 2008). "[A] deceptive act occurs when 'there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment.'"; and "the Act focuses on whether an act is deceptive, not whether a defendant knew that the allegedly violative conduct was occurring." *Gavron v. Weather Shield Mfg., Inc.*, 819 F. Supp. 2d 1297, 1302 (S.D. Fla. 2011) (*quoting PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So.2d 773, 777 (Fla. 2003)). A plaintiff need only plead facts suggesting that the representations at issue would have deceived reasonable consumers to sufficiently allege causation. *Toback v. GNC Holdings, Inc.*, 13-80526-CIV, 2013 WL 5206103 (S.D. Fla. Sept. 13, 2013). A plaintiff need not establish reliance. *Rosen v. J.M Auto Inc.*, 270 F.R.D. 675, 688 (S.D. Fla. 2009)<br><br>A prevailing party may recover actual damages, plus attorney's fees and court costs. Fla. Stat. Ann. § 501.2105. |

**GEORGIA**

| Statute | Georgia Fair Business Practice Act, Code Ann. s 106-1201 et seq. |
|---------|------------------------------------------------------------------|
| Elements | The act prohibits "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce." O.C.G.A. § 10–1–393(a). "'Consumer transactions' means the sale, purchase, lease, or rental of goods, services, or property, real or personal, primarily for personal, family, or household purposes." O.C.G.A. § 10–1–392(a)(10). "[T]o prevail on a private cause of action under the FBPA, a private individual must establish three elements: a violation of the Act, causation, and injury.... [T]he measure of damages to be applied for an FBPA violation is that of actual injury suffered." *Small v. Savannah Intl. Motors, Inc.*, 275 Ga. App. 12, 15 (4), 619 S.E.2d 738 (2005) (citation and punctuation omitted).<br><br>A prevailing plaintiff may recover general damages and, where the acts were intentional, exemplary damages of three times actual damages, as well as reasonable attorneys' fees and expenses of litigation. O.C.G.A. 10-1-399. |

**ILLINOIS**

| Statute | Ill. Consumer Fraud Act, 815 ILCS 505/2. |
|---|---|
| Elements | "To succeed in a private cause of action under the Consumer Fraud Act, a plaintiff must prove (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception." *Fox v. Heimann,* 375 Ill. App. 3d 35, 48, 872 N.E.2d 126, 139 (Ill. App. Ct. 2007). Unfair or deceptive acts or practices include the use "of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact" in the conduct of trade or commerce with intent that others rely upon the deceitful conduct or the use or employment of any practice described in Section 2 of the act. 815 ILCS 505/2. Enumerated deceptive trade practices include when, among other things, a person engaged in conduct that: "(2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;" "(5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have;" (7) "represents that goods or services are of a particular standard, quality, or grade or that goods are a particular style or model, if they are of another;" or ("12) engages in any other conduct which similarly creates a likelihood of confusion or |

misunderstanding." *Id.* A plaintiff need now show actual reliance on the deceptive acts or that the defendant committed the deceptive acts in bad faith . . . ." *Randels v. Best Real Estate, Inc.,* 243 Ill. App. 3d 801, 805, 612 N.E.2d 984, 987 (1993).

A prevailing plaintiff may recover actual damages and reasonable attorneys' fees. 815 ILCS 505/l0a and 10a(c). They may also recover punitive damages where the defendant acts maliciously or with deliberate indifference. *Wendorfv. Landers,* 755 F. Supp. 2d 972, 981-82 (N.D. Ill. 2010); 815 ILCS 505/l0a(a).

**INDIANA**

| Statute | Indiana Deceptive Consumer Sales Act, Ind. Code § 24-5-0.5-1 *et seq.* |
|---|---|
| Elements | The IDCSA prohibits the use of "incurable and uncured" deceptive acts in connection with a consumer transaction. Ind. Code § 24-5-0.5-3(a). *See* Ind.Code § 24–5–0.5–2(6),–2(7), --2(8). The Act gives consumers and the attorney general the power to sue suppliers who engage in "deceptive acts." Ind. Code § 24–5–0.5–4.<br><br>An uncured deceptive act is "a deceptive act ... with respect to which a consumer who has been damaged by such act has given notice to the supplier under section 5(a)," but the supplier either fails to offer to cure within thirty days or does offer to cure but fails to cure within a reasonable time after the consumer accepts the offer. *See* Ind. Code § 24–5–0.5–2(6). An incurable deceptive act is "a deceptive act done by a supplier as part of a scheme, artifice, or device with intent to defraud or mislead." *See* Ind. Code §24–5–0.5–2(7).<br><br>A deceptive act occurs when, among other things, a supplier represents either orally or in writing that the subject matter of a consumer transaction (1) "has sponsorship, approval, performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have," (2) "is of a particular standard, quality, grade, style, or model, if it is not and if the supplier knows or should reasonably know that it is not," or (3) "has |

a sponsorship, approval, or affiliation in such consumer transaction the supplier does not have, and which the supplier knows or should reasonably know that the supplier does not have." Ind. Code §24–5–0.5–3.

A prevailing plaintiff is entitled to actual damages or $500, whichever is greater. Ind. Code § 24-5-0.5-4. A trial court may increase the amount for willful deception. *Id.* The trial court may also award attorneys' fees to the prevailing party. *Id.*

**IOWA**

| Statute | . Private Right of Action for Consumer Frauds Act I.C.A, §714H.1 et seq.; 714.16 *et seq*. |
|---|---|
| Elements | Prohibits a practice that the seller knows or reasonably should know is an unfair practice, deception, fraud, false pretense, misrepresentation, concealment, suppression or omission of material fact with the intent that others rely thereon in connection with the advertisement or sale of consumer merchandise.  714H.3 |
| | Actual damages as well as equitable relief; costs and fees may be awarded.  In addition, statutory damages up to three times actual damages may be awarded if conduct constitutes willful and wanton disregard for rights or safety of another.  714H.5 |
| | Consumer fraud/ deceptive advertising, to represent that merchandise has certain performance characteristics, uses, or benefit if no reasonable basis for the claim existed at the time of making the representation.  714.16 |

## MASSACHUSETTS

| Statute | Mass. Consumer Protection Act, Mass. Gen. Laws Ann. ch. 93A, § 2 |
|---|---|
| Elements | The act prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce guided by the interpretations given by the Federal Trade Commission and the Federal Courts to section 5(a)(l) of the Federal Trade Commission Act. Mass. Gen. Laws Ann. ch. 93A, § 2. "[A]n advertisement is deceptive when it has the capacity to mislead consumers, acting reasonably under the circumstances, to act differently from the way they otherwise would have acted (i.e., to entice a reasonable consumer to purchase the product)." *Aspinall v. Philip Morris Companies, Inc.,* 442 Mass. 381, 396, 813 N.E.2d 476,488 (2004). *See also Hager v. Vertrue, Inc.,* CIV.A. 09-11245-GAO, 2011 WL 4501046 (D. Mass. Sept. 28, 2011) ("Communication may be deceptive even when it contains accurate information if it, for instance, consists of a 'half truth' or if it creates 'an overall misleading impression through failure to disclose material information.'"); *Swanson v. Bankers Life Co.,* 389 Mass. 345,349,450 N.E.2d 577, 580 (1983) (no requirement of intentional deceit; an act might be deceptive even absent any showing of negligence); *Fraser Engineering Co., Inc. v. Desmond,* 26 Mass.App.Ct. 99, 104,524 N.E.2d 110 (1988) ("[P]roof of actual reliance . . . is not required so long as the[re is a] causal relationship between the misrepresentation and the injury . . . ."). In cases of deceit by nondisclosure, "[m]ateriality ... is in a sense a proxy for causation." |

Gilleran, The Law of Chapter 93A § 4.16, at 185-186 (2d ed.2007) (citing *Lowell Gas Co. v. Attorney Gen.,* 377 Mass. at 51,385 N.E.2d 240).

A prevailing plaintiff is entitled to an award of actual damages or $25, whichever is greater, up to three but not less than two times such amount if the court finds the violation was willful or with knowledge or the defendant failed to offer relief upon demand in bad faith. Mass. Gen. Laws Ann. ch. 93A, § 9.

## MICHIGAN

| Statute | Michigan Consumer Protection Act, Mich. Comp. Laws Ann.§ 445.903 (West) |
|---|---|
| Elements | For actions in trade or commerce, the act prohibits, *inter alia*, (1) representing that goods or services have characteristics that they do not have; (2) representing that goods or services are of a particular standard if they are of another; (3) making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions; (4) failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer; (5) making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is; and (6) failing to reveal facts that are material in light representations of fact made in a positive manner. Mich. Comp. Laws Ann.§ 445.903 "While a cause of action under the MCPA has similarities to a fraud claim, the MCPA captures more conduct within its sweep and offers greater protection to consumers." *Evans v. Ameriquest Mortgage Co.,* 233115, 2003 WL 734169, *3-4 (Mich. Ct. App. Mar. 4, 2003). "[A] defendant's intent to deceive through a pattern of misrepresentations can be shown on a representative basis under the Consumer Protection Act" *Dix v. Am. Bankers Life Assur. Co. of Florida,* 429 Mich. 410,418,415 N.W.2d 206, 209 (1987). "Under this statute, reliance and causation are satisfied by proof that plaintiffs purchased and consumed the product." *Gasperoni v. Metabolife, Int'! Inc.,* 00-71255, 2000 WL 33365948 (E.D. |

Mich. Sept. 27, 2000).

A prevailing plaintiff is entitled to "actual damages or $250.00, whichever is greater, together with reasonable attorneys' fees." Mich. Comp. Laws Ann. § 445.911(2). Actual damages includes recovery for mental anguish. *Lozada v. Dale Baker Oldsmobile, Inc.,* 136 F.Supp.2d 719, 728 (W.D. Mich.2001)

**MISSISSIPPI**

| Statute | Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-1 *et seq.* |
|---------|---------------------------------------------------------------------------|
| Elements | The statute prohibits the following acts and unfair and/or deceptive: (a) Passing off goods or services as those of another; (b) Misrepresentation of the source, sponsorship, approval, or certification of goods or services; (c) Misrepresentation of affiliation, connection, or association with, or certification by another; (e) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have; and (i) Advertising goods or services with intent not to sell them as advertised. Miss. Code Ann. § 75-24-5. "In any private action brought under [the Mississippi CPA], the plaintiff must have first made a reasonable attempt to resolve any claim through an informal dispute settlement program approved by the Attorney General." Miss. Code Ann. § 75-25-15(2). <br><br> A prevailing party is entitled to an order or judgments, including restitution, as may be necessary to restore to any person in interest any monies or property, real or personal, which may have been acquired by means of any practice prohibited by this chapter. Miss. Code Ann. § 75-24-11. |

## MISSOURI

| | |
|---|---|
| **Statute** | Missouri Merchandising Practices Act, Mo. Ann. Stat. § 407.010 *et seq.* |
| **Elements** | To prevail on MMPA claim plaintiff must prove that he: "(1) purchased [merchandise]; (2) for personal, family, or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful by section 407.020. *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 773 (Mo. 2007). A plaintiff need not prove intent to defraud or reliance. *Scanio v. Zale Delaware, Inc.*, 4:12CV37 CDP, 2012 WL 368741 (E.D. Mo. Feb. 3, 2012).<br><br>A prevailing party may recover actual damages. Mo. Ann. Stat. § 407.025. The court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper. Mo. Ann. Stat. § 407.025; *Lewellen v. Franklin*, 441 S.W.3d 136, 146 (Mo. 2014) (citations omitted). In determining if a punitive damages award comports with due process, courts consider three guideposts: (1) the reprehensibility of the defendant's misconduct; (2) the disparity between the harm and the punitive damages award; and (3) the difference between the punitive damages award and penalties authorized or imposed in comparable cases. *Id.* |

**NEW JERSEY**

| Statute | New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-2 *et seq.* |
|---|---|
| **Elements** | The act prohibits use of "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby . . . ." N.J. Stat. Ann. § 56:8-2. "To prevail on a CFA claim, a plaintiff must establish three elements: 1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." *Zaman v. Felton*, 219 N.J. 199,222, 98 A.3d 503,516 (2014). The following acts are unlawful under the statute: "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission, in connection with the sale or advertisement of any merchandise . . . ." N.J. Stat. Ann. § 56:8-2.<br><br>"One who makes an affirmative misrepresentation is liable even in the absence of knowledge of the falsity of the misrepresentation, negligence, or the intent to deceive." *Gennari v. Weichert Co. Realtors*, 148 N.J. 582,605,691 |

A.2d 350 (1997). A showing of reliance is unnecessary. *Leon v. Rite Aid Corp.,* 340 N.J.Super. 462,468, 774 A.2d 674 (App. Div.2001). Nor must a plaintiff establish intent, knowledge or materiality. *Leon v. Rite Aid Corp.,* 340 N.J. Super. 462,469, 774 A.2d 674,678 (App. Div. 2001).

An ascertainable loss under the NJCFA "occurs when a consumer receives less than what was promised." *Dzielak v. Whirlpool CorA,* 26 F. Supp. 3d 304,335 (D.N.J. 2014) (*citing Union Ink Co., Inc. v. AT & T Corp.,* 352 NJ.Super. 617,646, 801 A.2d 361, 379 (N. J. Super. Ct. App. Div. 2002).

A prevailing plaintiff is entitled to trebled actual damages, reasonable attorneys' fees, filing fees, reasonable costs of suit and any other appropriate legal or equitable relief. N.J. Stat. Ann. § 56:8-19 (West); *Smith v. Alza Corp.,* 400 N.J. Super. 529,551,948 A.2d 686, 700 (N.J. Super. Ct. App. Div. 2008) (an award of treble damages and attorney's fees are mandatory).

**NEW YORK**

| Statute | N.Y. Gen. Bus. Law § 349 |
|---|---|
| Elements | The act prohibits deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful. N.Y. Gen. Bus. Law § 349(a). A plaintiff must prove that (1) the challenged act or practice was consumer-oriented; (2) it was misleading in a material way; and (3) the plaintiff suffered injury as a result of the deceptive act. *Stutman v. Chem. Bank,* 95 N.Y.2d 24, 29, 731 N.E.2d 608, 611-13 (2000). A plaintiff need not prove an intent to defraud or justifiable reliance. *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26,647 N.E.2d 741, 745 (1995)**.** An act is deceptive if it is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Id.* <br><br> A prevailing plaintiff is entitled to an award of actual damages or fifty dollars, whichever is greater and the court may, in its discretion, treble actual damages up to one thousand dollars, if the defendant acted willfully or knowingly in its violation of the law. The court may also award reasonable attorney's fees. N.Y. Gen. Bus. Law § 349 (h) |

**NORTH CAROLINA**

| Statute | North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75–1.1 *et seq.* |
| --- | --- |
| Elements | The act prohibits "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce . . . ." N.C. Gen. Stat. § 75–1.1 *et seq.* A "plaintiff must demonstrate (1) an unfair or deceptive practice or act (2) in or affecting commerce (3) which proximately caused actual injury to the plaintiff. The conduct must be immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. Furthermore, some type of egregious or aggravating circumstances must be alleged and proved before the Act's provisions may take effect." *In re ES2 Sports & Leisure, LLC,* 544 B.R. 833, 847 (Bankr. M.D.N.C. 2015) (internal quotations and citations omitted). <br><br> A prevailing plaintiff is entitled to treble actual damages. N.C. Gen. Stat. § 75–16. The court may also award reasonable attorneys' fees and costs. N.C. Gen. Stat. § 75–16.1. |

**OHIO**

| Statute | Ohio Deceptive Trade Practices Act, Ohio Rev. Code Ann. § 4165.01 *et seq.* |
|---------|------------------------------------------------------------------------------|
| **Elements** | The statute is a remedial law and must be liberally construed. *Green Maple Enterprises, LLC v. Forrester*, 2021-Ohio-4640, ¶16, 182 N.E.3d 1265, 1274–75 (Oh. Ct. App. 2021). The statute prohibits two types of practices: "unfair or deceptive" acts and "unconscionable" acts. *Id.* "An act or practice is deceptive, regardless of intent, if carries the likelihood of deceiving a reasonable consumer under the circumstances. *See Frank v. WNB Grp., LLC,* 2019-Ohio-1687, ¶ 26, 135 N.E.3d 1142, 1148 (Oh. Ct. App. 2019). An act or practice is unconscionable if it is deceptive as to the nature of the transaction. *Green Maple Enterprises, LLC ,* 182 N.E.3d at 1274–75. Two of the listed practices that are relevant here are: "(2) That the subject of a consumer transaction is of a particular standard, quality, grade, style, prescription, or model, if it is not;" and "(5) That the subject of a consumer transaction has been supplied in accordance with a previous representation, if it has not, except that the act of a supplier in furnishing similar merchandise of equal or greater value as a good faith substitute does not violate this section." O.R.C. 1345.02(B)(2), (5).<br><br>A prevailing plaintiff is entitled to treble actual economic damages or $200, whichever is greater, plus up to $5,000 in non-economic damages. O.R.C. § 1342.09(B). The court may also award reasonable attorneys' fees and costs. *Id.* |

**PENNSYLVANIA**

| Statute | Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-2 *et seq.* |
|---------|---------|
| **Elements** | The act prohibits enumerated "unfair or deceptive business practices." *See Gregg v. Ameriprise Fin., Inc.*, 245 A.3d 637, 646 (Pa. 2021). It is a remedial statute, "to be construed liberally to effect its object of preventing unfair or deceptive practices." *Id.*  To establish a claim under the act, a plaintiff must who (1) they purchased or leased "goods or services primarily for a personal, family, or household purpose"; (2) they suffered an "ascertainable loss of money or property"; (3) the loss occurred "as a result of the use or employment by a vendor of a method, act, or practice declared unlawful by" the CPL; and (4) the consumer justifiably relied upon the unfair or deceptive business practice when making the purchasing decision. 73 P.S. § 201-9.2(a).<br><br>The act identifies the following conduct as unlawful: (i) Passing off goods or services as those of another; (ii) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services; (iii) Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another; (v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have; (vii) Representing that goods or services are of a particular standard, |

27

quality or grade, or that goods are of a particular style or model, if they are of another; or (xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding. 73 P.S. § 201.2(4).

 A prevailing plaintiff is entitled to actual damages or $100, whichever is greater, and, at the court's discretion, "up to three times the actual damages sustained," attorneys' fees, costs and 'any additional relief the court deems proper.*' 73 P.S. § 201.9.2.

**RHODE ISLAND**

| Statute | Unfair Trade Practice and Consumer Protection Act, R.I. Gen. Laws Ann.§ 6-13.1-2 |
|---|---|
| Elements | To prove a deceptive trade practice, a plaintiff must show: (1) a representation, omission, or practice that (2) is likely to mislead consumers acting reasonably under the circumstances, and (3), the representation, omission, or practice is material." *Long v. Dell, Inc*., 93 A.3d 988, 1003 (R.I. 2014). Unfair methods of competition and unfair or deceptive acts or practices" means any one or more of the following: (ii) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; (v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have; or (vii) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. R.I. Gen. Laws Ann.§ 6-13.1-1 (6). <br><br> A prevailing plaintiff is entitled to recover actual damages or five hundred dollars, whichever is greater. R.I. Gen. Laws Ann.§ 6-13.1-5.2 The Court may also award attorneys' fees and costs and may provide other equitable relief that it deems necessary or proper. *Id.* Also at the court's discretion and upon a showing of malice or bad faith, a plaintiff may be awarded punitive damages. R.I. Gen. Laws Ann.§ 6-13.1-5.2; *see also Morin v. Aetna Casualty* |

| | *and Surety Co.,* 478 A.2d 964, 967 (R.I. 1984). |
|---|---|

**SOUTH CAROLINA**

| Statute | South Carolina Unfair Trade Practices Act, S.C.C.A. § 39-5-10 *et seq.* |
|---|---|
| Elements | To recover under the act, a plaintiff must show: (1) defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected public interest; and (3) plaintiff suffered monetary or property loss as a result. *In re Hughes,* 627 B.R. 327, 337 (Bankr. D.S.C. 2021). An unfair trade practice is an act offensive to public policy or which is immoral, unethical, or oppressive." *Id.* (internal citations and quotations omitted). "A deceptive practice is one which has a tendency to deceive." *Id.* (internal citations and quotations omitted). "Whether an act or practice is unfair or deceptive within the meaning of the SCUTPA depends upon the surrounding facts and the impact of the transaction on the marketplace." *Id.* (internal citations and quotations omitted).<br><br>To be actionable, an unfair or deceptive practice or act must adversely affect the public interest. A plaintiff may establish an impact on the public interest in either of two ways: (1) by showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence; or (2) by showing the company's procedures created a potential for repetition of the unfair and deceptive acts. *Id.*<br><br>Under the act, it is a deceptive practice to "[k]nowingly act, use, or employ any deceptive act or practice, fraud, false |

pretense, false promises, or misrepresentation or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise." S.D. Codified Laws § 37-24-6(1). A prevailing plaintiff is entitled to actual damages. S.D.C.L.  37-24-31.

A prevailing plaintiff is entitled to actual damages and a mandatory award of reasonable attorneys' fees and costs. S.C.C.A. § 39-5-140. The court may also award up to three times actual damages for willful or knowing violation of the act. *Id.*

**TENNESSEE**

| Statute | Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.* |
|---|---|
| Elements | "Any person who suffers an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated, as a result of the use or employment by another person of an unfair or deceptive act or practice declared to be unlawful by this part, may bring an action individually to recover actual damages." Tenn. Code Ann. § 47-18-109(a)(1). A deceptive act or practice includes a material representation, practice, or omission likely to mislead a reasonable consumer. *See Ganzevoort v. Russell*, 949 S.W.2d 293, 299 (Tenn. 1997). To state a claim under the act, the plaintiff must allege that the defendant engaged in an unfair or deceptive act or practice enumerated in section 47-18-104(b). Tenn. Code. Ann. § 47–18–109(a)(1). Among others things, the following acts are deceptive under the act: (2) causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services; (3) Causing likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, another; (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have; (7) representing that goods or services are of a particular standard, quality or grade; (14) Causing confusion or misunderstanding with respect to the authority of a salesperson, representative or agent to negotiate the final terms of a consumer transaction;  and (21) Using statements or illustrations in any |

advertisement which create a false impression of the grade, quality, quantity, make, value, age, size, color, usability or origin of the goods or services offered, or which may otherwise misrepresent the goods or services in such a manner that later, on disclosure of the true facts, there is a likelihood that the buyer may be switched from the advertised goods or services to other goods or services. Tenn. Code Ann. § 47-18-104(b).

"The prima facie elements of a TCPA claim do not require that the deceptive act be directed toward the plaintiff. Instead, plaintiffs asserting claims under the TCPA are required to show that the defendant's wrongful conduct proximately caused their injury." *Ganzevoort,* 949 S.W.2d at 751 (internal citations and quotations omitted).

A prevailing plaintiff is entitled to an award of actual damages and, upon a finding of willful or knowing violation of the act, treble actual damages. Tenn. Code Ann. § 47-18-109(a)(1) and (3). A court may also award reasonable attorneys' fees.  Tenn. Code Ann. § 47-18-109(d)(2).

**TEXAS**

| Statute | Texas Deceptive Trade Secrets Act, Tex. Bus. & Com. Code § 17.50 *et seq.* |
|---|---|
| Elements | A claim under the DTPA has three elements: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Clubs of Greater Dall., Inc.,* 907 S.W.2d 472, 478 (Tex. 1995) (citing Tex. Bus. & Com. Code 17.50(a)(1)). Among others things, the following acts are deceptive under the act: (2) causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services; (3) causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another; (5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not; (7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; or (24) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed. Tex. Bus. & Com. Code § 17.46. <br><br> A prevailing plaintiff is entitled to an award of actual damages and, upon a finding of willful or knowing violation of |

| | the act, treble actual damages. Tex. Bus. & Com. Code § 17.50(b)(1). If the act was committed intentionally, the consumer may also collect damages for mental anguish, trebled. *Id.* A court may also award reasonable attorneys' fees. *Id.* at § 17.50(d). |
| --- | --- |

**UTAH**

| Statute | Utah Consumer Sales Practices Act, U.C.A. § 13–11–4(2) |
|---|---|
| Elements | To establish a violation of the UCSPA, a plaintiff must establish the defendant knowingly or intentionally engaged in deceptive acts or practices. *Martinez v. Best Buy Co.,* 2012 UT App 186, ¶ 4, 283 P.3d 521, 523–24 (Utah Ct. App. 2012). The act identifies the following conduct as deceptive: (a) indication that the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits, if it has not; (b) indication that the subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not; or (i) indication that the supplier has a sponsorship, approval, or affiliation the supplier does not have. U.C.A. § 13–11–4(2). The act also makes unconscionable acts or practices unlawful. *Id.* at § 13-11-5(1). "The unconscionability of an act or practice is a question of law for the court." *Id.* at § 13-11-5(2). "In determining whether an act or practice is unconscionable, the court shall consider circumstances which the supplier knew or had reason to know." *Id.* at § 13-11-5(3).<br><br>A prevailing plaintiff is entitled to an award of actual damages, reasonable attorneys' fees and costs. *Id.* at § 13-11-17.5. |

**VIRGINIA**

| | |
|---|---|
| **Statute** | Virginia Consumer Protection Act, Va. Code § 59.1-198 *et seq.* |
| **Elements** | To state a claim under the VCPA, plaintiff must allege a fraudulent act by a supplier in a consumer transaction. Va. Code § 59.1-200. The act identifies the following conduct as unlawful: 1. Misrepresenting goods or services as those of another; 2. Misrepresenting the source, sponsorship, approval, or certification of goods or services; 3. Misrepresenting the affiliation, connection, or association of the supplier, or of the goods or services, with another; 5. Misrepresenting that goods or services have certain quantities, characteristics, ingredients, uses, or benefits; 6. Misrepresenting that goods or services are of a particular standard, quality, grade, style, or model; or 14. Using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction. *Id.*<br><br>A prevailing plaintiff is entitled to actual damages or $500, whichever is greater. Va. Code Ann. § 59.1-204(A). "If the trier of fact finds that the violation was willful, it may increase damages to an amount not exceeding three times the actual damages sustained, or $1,000, whichever is greater." Va. Code Ann. § 59.1-204(A). A prevailing plaintiff is also entitled to a mandatory award of reasonable attorneys' fees and costs. Va. Code Ann. § 59.1-204(B). |

**WASHINGTON**

| Statute | Washington Unfair Business Practices-Consumer Protection Act ("CPA") ; 19 WA ST Ch. 19.86, *et seq.* |
|---------|------|
| Elements | Unfair or deceptive acts in the conduct of any trade or commerce are unlawful. §19.86.020, *et seq..* |
| | Plaintiff must show that the conduct of the defendant induced the plaintiff to act, damaged the plaintiff and has the potential for repetition. *Anhold v. Daniels*, 94 Wash.2d 40 (1980).  The CPA may apply to post-sale activities *Salois v. Mutual of Omaha Ins. Co.*, 90 Wash.2d 355 (9178)) as well as failure to disclose material facts.  *McRae v. Bolstad*, 101 Wash.2d 161 (1984).  Intent to deceive is not required, as capacity to deceive is sufficient. *McRae, supra.* |
| | Manufacturer liable in products liability if the harm was proximately caused by the negligence of the manufacturer in that the product was not reasonably safe as designed or not reasonably safe because adequate warnings were not provided.  RWCA 7.72.030. |

**WISCONSIN**

| Statute | Wisconsin Deceptive Trade Practices Act, Wis. Stat. Ann.§ 100.18(1) |
|---|---|
| Elements | [T]here are three elements in a §100.18 cause of action: (1) the defendant made a representation to the public with the intent to induce an obligation, (2) the representation was "untrue, deceptive or misleading," and (3) the representation materially induced (caused) a pecuniary loss to the plaintiff. *Novell v. Migliaccio,* 2008 WI 44,309 Wis. 2d 132, 151-153, 749 N.W.2d 544,553 (2008). A plaintiff need not prove reliance although reliance may be relevant to a determination of causation. *Id.* In determining whether a misrepresentation is untrue, deceptive, or misleading, Wisconsin law applies a reasonable consumer standard. *Christensen v. TDS Metrocom LLC,* 2009 WI App 21, 16, 316 Wis. 2d 356, 763 N.W.2d 248.<br><br>"Any person suffering pecuniary loss because of a violation of this section by any other person may sue in any court of competent jurisdiction and shall recover such pecuniary loss, together with costs, including reasonable attorney fees . . . ." Wis. Stat. Ann. § 100.18(b)(2). |